```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                 :
  UNITED STATES OF AMERICA,        :
                                                 :
                    -v-                     :          1:15-cr-321-GHW
                                                 :
  JOSE RODRIGUEZ,                  :          <u>ORDER</u>
                                                 :
                          Defendant.  :
                                               :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       On May 4, 2020, Jose Rodriguez filed a motion for compassionate release as a result of the COVID-19 pandemic (the "Motion").[1] Dkt. No. 480. On April 18, 2017, the Court sentenced Mr. Rodriguez to 60 months of imprisonment—representing a substantial downward variance from the 78-97 month advisory sentencing guidelines range calculated by the Court. Dkt. No. 351.

       The Court must deny the application at this time because it is not apparent from the Motion that Mr. Rodriguez has taken the steps necessary to obtain the relief that he is requesting pursuant to the governing statute. Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under the statute, an inmate must satisfy certain preconditions before bringing a motion for compassionate release to the Court. In particular, an inmate must make a request to the warden of his facility to bring a compassionate release on his behalf before requesting relief from the Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the

---

[1] The Motion is dated May 4, 2020, and was signed on behalf of Mr. Rodriguez on that date by an individual whose signature is not clearly legible, and who is not otherwise identified.

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."). The Motion argues that the Court can waive this statutory precondition, but the Court does not believe that the statute permits such an exception. The statute provides that the Court "may not" modify a term of imprisonment once it has been imposed unless the stated conditions are satisfied. The Court understands this clear and unmistakable mandate from Congress to prohibit the Court from granting this relief in situations where the statutory preconditions have not been satisfied.

Therefore, in order for Mr. Rodriguez to move this Court for compassionate release, he must first apply to the warden of his facility, requesting that the Bureau of Prisons (the "BOP") make an application for compassionate release on his behalf. In the event that the BOP does not respond to the application within 30 days, the statute then permits Mr. Rodriguez to make an application to the Court. The Court requests that in any subsequent application, Mr. Rodriguez provide information regarding when and how he requested the warden of his facility to move for compassionate release on his behalf. The Court requests that any such factual statements be presented to the Court as an affirmation: the statement should expressly state that it is presented under penalty of perjury by the person making the statment.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Rodriguez and to terminate the motion pending at Dkt. No. 480.

SO ORDERED.

Dated: May 4, 2020

_____
GREGORY H. WOODS
United States District Judge